Bradley J Williams, ISB No. 4019
Jetta Hatch Mathews, ISB No. 8468
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
900 Pier View Drive Suite 206
Post Office Box 51505
Idaho Falls, Idaho  83405
Telephone  (208) 522-6700
Facsimile  (208) 522-5111
bjw@moffatt.com
jah@moffatt.com
22342.0013

Attorneys for Medical Recovery Services, LLC,
Smith Driscoll & Associates, PLLC, Bryan N. Zollinger,
and Bryan D. Smith

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY CARSON,<br><br>               Plaintiff,<br><br>vs.<br><br>MEDICAL RECOVERY SERVICES, LLC,<br>(an Idaho Limited Liability Company);<br>SMITH DRISCOLL & ASSOCIATES, PLLC,<br>(an Idaho Limited Liability Company);<br>BRYAN N. ZOLLINGER, BRYAN D.<br>SMITH,<br><br>               Defendants. | Case No. 4:14-CV 739-REB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

COME NOW Defendants by and through their attorneys of record, Moffatt,

Thomas, Barrett, Rock & Fields, Chartered, and Answers Plaintiff's First Amended Complaint

("Complaint") as follows:

**ANSWER TO FIRST AMENDED COMPLAINT - 1**  <span style="float:right">Client:3767085.1</span>

## FIRST DEFENSE

1. Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

2. Defendants deny each and every allegation in the Complaint that is not expressly admitted herein.

3. Paragraph 1 of the Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendants deny.

4. Responding to paragraph 2 of the Complaint, Defendants admit that jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Responding to paragraph 3 of the Complaint, Defendants admit that venue is proper.

6. Responding to paragraph 4 of the Complaint, Defendants admit that Plaintiff is a debtor for purposes of this litigation and that the debt at issue is a consumer debt. Defendants deny all other allegations contained in paragraph 4[1].

7. Defendants admit the allegations contained in paragraph 5 of the Complaint.

8. Responding to paragraph 6 of the Complaint, Defendants deny that the principal business of Smith Driscoll is the collection of debts. Defendants deny that it was at "all times relevant, a debt collector," and admit only that as to the debts at issue in this case Smith Driscoll was a debt collector as defined in 15 U.S.C. § 1692a(6). Defendants admit the remaining allegations contained in paragraph 6 of the Complaint.

---

[1] All responses to the paragraphs also include responses to the footnotes contained therein.

9. Responding to paragraph 7 of the Complaint, Defendants deny that Smith and Zollinger were at "all times relevant, debt collectors," and admit only that as to the debts at issue in this case they were debt collectors as defined in 15 U.S.C. § 1692a(6). Defendants admit that Brian Zollinger is employed by Smith Driscoll and that as relevant to this suit he and Bryan Smith are debt collectors. Defendants deny all remaining allegations contained in paragraph 7 of the Complaint.

10. Defendants admit the allegations contained in paragraph 8 of the Complaint.

11. Defendants deny the allegations contained in paragraphs 9-11 of the Complaint.

12. Defendants admit the allegations contained in paragraphs 12-13.

13. Defendants deny the allegations contained in paragraph 14 of the Complaint.

14. Responding to paragraphs 15-17 of the Complaint, the letters speak for themselves. Defendants deny all other allegations containing in paragraphs 15-17 of the Complaint.

15. Responding to paragraph 18 of the Complaint, the letters speak for themselves. Defendants admit that they did not file suit directly after each final notice. Defendants deny all other allegations contained in paragraph 18 of the Complaint.

16. Responding to paragraph 19 of the Complaint, the letters speak for themselves. Defendants deny all other allegations contained in paragraph 19 of the Complaint.

17. Responding to paragraph 20 of the Complaint, the documents speak for themselves. Defendants deny all other allegations contained in paragraph 20 of the Complaint.

**ANSWER TO FIRST AMENDED COMPLAINT - 3**

18. Responding to paragraph 21 of the Complaint, Defendants admit that Terry Carson was served with a copy of the complaint on March 31, 2012 and contacted Smith Driscoll requesting verification of the debt. Defendants admit that verification was provided as required by law, and that a payment plan was instituted. Defendants applied for entry of default on August 7, 2012, which was issued August 10, 2012 without notice to Plaintiff. Defendants deny all other allegations contained in paragraph 21 of the Complaint.

19. Responding to paragraph 22 of the Complaint, the complaint speaks for itself. Defendants lack sufficient information to admit or deny whether Terry Carson was married when medical services were provided or at the time of suit and therefore deny the same. Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

20. Responding to paragraph 23 of the Complaint, the complaint speaks for itself. Defendants deny all remaining allegations contained in paragraph 23 of the Complaint.

21. Responding to paragraph 24 of the Complaint, Defendants admit that they have attempted to collect the enumerated costs, and deny all other allegations contained in paragraph 24 of the Complaint.

22. Responding to paragraph 25 of the Complaint, the letters speak for themselves. Defendants admit that the debtor's examination was carried out in accordance with Idaho law and practice, and deny all other allegations contained in paragraph 26 of the Complaint.

23. Responding to paragraph 26 of the Complaint, Defendants reallege their answers to paragraphs 1-25 of the Complaint as if fully set forth herein.

24. Defendants deny the allegations contained in paragraph 27 of the Complaint.

25. Responding to paragraph 28 of the Complaint, Defendants reallege their answers to paragraphs 1-27 of the Complaint as if fully set forth herein.

26. Defendants deny the allegations contained in paragraph 29 of the Complaint

27. Responding to paragraph 30 of the Complaint, Defendants reallege their answers to paragraphs 1-29 of the Complaint as if fully set forth herein.

28. Defendants deny the allegations contained in paragraphs 31 and 32 of the Complaint. Defendants further move for a more definite statement as to the claims against them, as the paragraph referenced has no subparts and instead references the entirety of the Complaint.

29. Responding to paragraph 33 of the Complaint, Defendants reallege their answers to paragraphs 1-32 of the Complaint as if fully set forth herein.

30. Defendants deny the allegations contained in paragraph 34 of the Complaint. Defendants further move for a more definite statement of the claims alleged as the paragraphs cited generally reference the entire Complaint.

31. Responding to paragraph 35 of the Complaint, Defendants reallege their answers to paragraphs 1-34 of the Complaint as if fully set forth herein.

32. Defendants deny the allegations contained in paragraphs 36-44.

### THIRD DEFENSE

33. Plaintiff lacks standing to bring these claims.

### FOURTH DEFENSE

34. Plaintiff is not the real party in interest.

### FIFTH DEFENSE

35. Plaintiff's claims are barred by the doctrines of laches, waiver and/or unclean hands.

### SIXTH DEFENSE

36. Plaintiff's claims are barred in whole or in part by the statute of limitations, including but not limited to 15 U.S.C. § 1692k(d), Idaho Code §§ 48-619, 5-218.

### SEVENTH DEFENSE

37. Any violation of the FDCPA was not intentional and was the result of a bona fide error despite the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTH DEFENSE

38. Plaintiff is not a consumer as defined by the Idaho Consumer Protection Act, which therefore does not apply to these claims.

### NINTH DEFENSE

39. Defendant has not completed discovery in this action and, therefore, expressly reserves the right to amend this Answer to add addition or supplemental defenses or to file and serve other responsive pleadings, allegations, or claims.

### TENTH DEFENSE

40. Defendant has been required to retain the law firm of Moffatt, Thomas, Barrett, Rock & Fields, Chartered, to defend against Plaintiff's Complaint, and is entitled to an award of costs and fees pursuant to 15 U.S.C. § 1692k(a)(3).

### DEMAND FOR JURY TRIAL

41. Defendant demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Wherefore, Defendants pray for relief as follows:

1. That Plaintiff's Complaint be dismissed and Plaintiff take nothing thereby;

2. For Defendant's costs and attorney fees incurred in defending this action; and

3. For such other and further relief as the Court deems just and proper.

DATED this 20th day of February, 2015.

                                         MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

                                         By /s/ Jetta Mathews
                                              Jetta Hatch Mathews – Of the Firm
                                              Attorneys for Medical Recovery Services, LLC, Smith Driscoll & Associates, PLLC, Bryan N. Zollinger and Bryan D. Smith

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of February, 2015, I filed the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Ryan Ballard
ryanballardlaw@gmail.com

AND, I FURTHER CERTIFY that on such date I served the foregoing **ANSWER** on the following non-CM/ECF Registered Participants in the manner indicated:

| | |
|---|---|
| [Opposing Counsel Name] | ( ) U.S. Mail, Postage Prepaid |
| [FIRM NAME] | ( ) Hand Delivered |
| [Address and Fax] | ( ) Overnight Mail |
| | ( ) Facsimile |
| | |
| [Opposing Counsel Name] | ( ) U.S. Mail, Postage Prepaid |
| [FIRM NAME] | ( ) Hand Delivered |
| [Address and Fax] | ( ) Overnight Mail |
| | ( ) Facsimile |

    /s/ Jetta Mathews
Jetta Hatch Mathews

**ANSWER TO FIRST AMENDED COMPLAINT - 8**   Client:3767085.1